UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| HARMINDER DHALIWAL § | |
| § | |
| v.   § | CIVIL NO. 4:21-CV-056-SDJ |
| § | |
| MERIDIAN SECURITY INSURANCE § | |
| COMPANY § | |

**MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE**

This is an insurance coverage dispute arising from wind and hail damage to Plaintiff Harminder Dhaliwal's property. Dhaliwal argues that his damages can be decided as a matter of law based on an appraisal award from a state-appointed umpire. But as explained in the Magistrate Judge's Report and Recommendation ("Report"), that award is founded on apparent mistakes that will need to be resolved at trial.

Therefore, the Court **ADOPTS** the Report, (Dkt. #33), **OVERRULES** Dhaliwal's Objections, (Dkt. #34), and **DENIES** Dhaliwal's Motion for Summary Judgment. (Dkt. #16).

I. BACKGROUND

Dhaliwal alleges that a storm caused wind and hail damage to his property in Flower Mound, Texas. (Dkt. #4 ¶¶ 8–10). After submitting a claim to his insurer, Defendant Meridian Security Insurance Company ("Meridian"), Dhaliwal demanded an appraisal of his losses as authorized under his homeowner's policy. (Dkt. #4 ¶¶ 8, 14); (Dkt. #16-1 at 61). He then named an appraiser, as did Meridian, and later

1

applied in state court for the appointment of an umpire. (Dkt. #4 ¶ 14); (Dkt. #16-3).

The umpire originally issued an approximately $180,000.00 appraisal award (as measured on a replacement cash value basis) in Dhaliwal's favor. (Dkt. #4 at 136). But after further review, the umpire concluded that his original award was mistaken and issued a second appraisal award of $143,705.38. (Dkt. #22-1 at 35); (Dkt. #16-5). Dhaliwal's appraiser signed off on the award; Meridian's appraiser did not. (Dkt. #16-5).

The parties dispute the legal effect of this second award concerning Dhaliwal's covered property losses. Dhaliwal argues that the award establishes, as a matter of law, his covered property losses and moves for partial summary judgment on that ground. (Dkt. #16 at 12–13) ("The [Award] . . . is valid and binding and determines the amount of Dhaliwal's loss /damage from the February 7, 2019 storm . . . ."). Meridian argues, however, that the award does not establish Dhaliwal's covered property losses because it suffers from at least two mistakes: first, it includes preexisting losses; and second, it includes improper line items, such as commercial tax. (Dkt. #22 at 8–17).

The Report concluded that these alleged mistakes prevent the Court from deciding Dhaliwal's covered property losses as a matter of law. (Dkt. #33 at 10–17). The Report recommended, therefore, that Dhaliwal's motion for summary judgment be denied. (Dkt. #33 at 17). Dhaliwal has objected to the Report. (Dkt. #34).

## II. LEGAL STANDARD

The Court reviews a magistrate judge's report and recommendation de novo following a timely objection. 28 U.S.C. § 636(b)(1). The objecting party must specifically identify the magistrate judge's findings to which he objects. *Id*. When the objecting party offers frivolous, general, or conclusory objections, the Court may disregard those objections. *Nettles v. Wainright*, 677 F.2d 404, 410 & n.8 (5th Cir. 1982) (en banc), *overruled on other grounds by Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc).

Similarly, the Court need not address objections at length when they simply "rehash" or "mirror" arguments that were already addressed in the report and recommendation. *See Mark v. Spears*, No. 6:18-CV-309, 2022 WL 363586, at *1 (E.D. Tex. Feb. 7, 2022); *see also Nickelson v. Warden*, No. 1:11-CV-334, 2012 WL 700827, at *4 (S.D. Ohio Mar. 1, 2012) ("[O]bjections to magistrate judges' reports and recommendations are not meant to be simply a vehicle to rehash arguments set forth in the petition.").

## III. DISCUSSION

Dhaliwal has not proved his damages as a matter of law. Although the umpire awarded him $143,705.38 in property losses arising from the storm, that award is called into question by the apparent mistakes addressed in the Report.

Dhaliwal objects to that conclusion, contending that Meridian has presented no triable issue that the appraisal award mistakenly includes preexisting losses or improper line items. But as the Report properly concludes, the record refutes Dhaliwal's objections and demonstrates that Meridian has presented triable issues

concerning mistakes in the appraisal award as to the erroneous inclusion of preexisting losses and improper line items. These issues preclude summary judgment in favor of Dhaliwal that the appraisal award establishes the amount of his covered property losses.

### A. Meridian Has Presented a Triable Issue that the Appraisal Award Mistakenly Includes Preexisting Losses.

Meridian has presented a triable issue that the appraisal award incorrectly includes storm damages from before Dhaliwal obtained insurance coverage with Meridian. To be sure, appraisal awards are binding and enforceable under Texas law. *State Farm Lloyds v. Johnson*, 290 S.W.3d 886, 888 (Tex. 2009); *Mainali Corp. v. Covington Specialty Ins. Co.*, 872 F.3d 255, 258 (5th Cir. 2017). And when an insurance policy provides that damages will be assessed through an appraisal, courts will honor an appraisal award except in three circumstances: first, when the award was made without authority; second, when the award was the result of fraud, accident, or mistake; or third, when the award does not comply with the policy requirements. *In re Auto Club Indem. Co.*, 580 S.W.3d 852, 855 (Tex. App.—Houston [14th Dist.] 2019, no pet.). Invoking the doctrine of mistake, Meridian has pointed to errors in the appraisal award that preclude the Court from giving the award binding effect.

The doctrine of mistake applies when the award fails to speak what the appraisers intended. *Garcia v. State Farm Lloyds*, 514 S.W.3d 257, 269 (Tex. App.—San Antonio 2016, pet. denied). That is, it applies when the appraisers were operating under a mistake of fact which resulted in an unintended award. *See Providence Wash.*

*Ins. Co. v. Farmers Elevator Co.*, 141 S.W.2d 1024, 1026–27 (Tex. Civ. App.—Amarillo 1940, no writ); *Gulf Ins. Co. v. Pappas*, 73 S.W.2d 145, 146 (Tex. Civ. App.—San Antonio 1934, writ ref'd).

As the party invoking mistake, Meridian carries the burden of proof. *TMM Invs., Ltd. v. Ohio Cas. Ins. Co.*, 730 F.3d 466, 472 (5th Cir. 2013). To satisfy that burden, Meridian must establish that the award does not reflect the appraisers' true intentions: in other words, that the award suffers from a "mistake of fact," as opposed to a mistake in judgment, and that the appraisers would have awarded a different amount had they understood the true situation at Dhaliwal's property. *Abdalla v. Farmers Ins. Exch.*, No. 07-17-00020-CV, 2018 WL 2220269, at *1–2 (Tex. App.—Amarillo May 14, 2018, no pet.); *Garcia*, 514 S.W.3d at 269 (quotation omitted).

As explained in the Report, Meridian has presented sufficient evidence of mistake to clear the summary judgment standard—which requires that all doubts be resolved in Meridian's favor and that the evidence be viewed in the light most favorable to it. *In re La. Crawfish Producers*, 852 F.3d 456, 462 (5th Cir. 2017); *Garcia*, 514 S.W.3d at 265 (recognizing that the court's deference to appraisal awards must yield to the presumptions made in favor of the party opposing summary judgment).

The error regarding preexisting losses arises from two prior claims for storm damage made by Dhaliwal to his previous insurer, Texas Farmers Insurance. Dhaliwal has admitted that he has not repaired his roof in the past sixteen years despite filing these two prior claims for storm damage with Texas Farmers Insurance,

before Dhaliwal obtained coverage with Meridian. (Dkt. #22-3 at 5–13). Based on these undisputed facts, for an appraisal of Dhaliwal's damages to be reliable, it must either exclude the past storm damages or at least segregate Dhaliwal's property losses based on the storms from which they arose.

But here, the umpire admitted that he neglected to exclude at least some of the preexisting damages. (Dkt. #22-1 at 7–15). When asked, for example, if the appraisal award included damages to gutters, downspouts, pipe jacks, combing, and HVAC, he admitted that it did. (Dkt. #22-1 at 7–8, 11). When asked if those damages had been included in Dhaliwal's past insurance claims, he admitted that they were. (Dkt. #22-1 at 7–8, 11). And when asked if it would be a "mistake" to include those preexisting damages in the appraisal award—provided that Dhaliwal had never repaired them— he admitted that it would be.[1] (Dkt. #22-1 at 14–15).

These admissions create a triable issue of fact that the appraisal award was mistaken. A recent case involving similar facts is instructive. In *United Fire & Casualty Co. v. Gossetts, Inc.*, No. 07-18-00204-CV, 2019 WL 2572042, at *2 (Tex. App.—Amarillo June 21, 2019, no pet.), the court considered an appraisal award that erroneously included damages to a portion of a roof that was not owned by the insureds. *Id.* at *2. In that case, the insureds' appraiser acknowledged that he had mistakenly included in his loss estimate a portion of the roof owned by a third-party, not the insureds, and that this was a factual error. *Id.* Under the circumstances, the

---

[1] Dhaliwal's own appraiser could not say definitively that the appraisal award did not include preexisting losses. (Dkt. #22-2 at 12–14).

6

*Gossetts* court held that the award undermined the appraiser's true intentions because it was based on a factual mistake that changed the award's outcome. *Id.*

This case involves a similar situation. Dhaliwal made prior claims for storm damage to his roof, gutters, roof hardware, and other items that were also part of his claim submitted to Meridian. It's also clear that Dhaliwal's previous insurance policy covered at least one of those prior loss claims, but that Dhaliwal, by his own admission, had never actually performed any repairs to his roof. Finally, the umpire has testified that the inclusion in his appraisal award of items already covered by Dhaliwal's prior insurance claims would be a mistake if Dhaliwal had not completed any repairs. In sum, the record shows a triable issue of fact as to whether the appraisal award at issue mistakenly includes losses from preexisting damages that were the subject of claims submitted to his prior insurer and that Dhaliwal admits he never repaired.

Dhaliwal's arguments to the contrary are unavailing:

*First*, Dhaliwal argues that the Report is based on "hypothetical" facts as opposed to facts supported by evidence. (Dkt. #34 at 3). Not so. The Report is premised in material part on Dhaliwal's own admission that he failed to repair his roof before obtaining coverage with Meridian and the umpire's admission that his award includes at least some items that Dhaliwal had not repaired. Those facts are not hypothetical and create a triable issue of mistake.

*Second*, Dhaliwal argues that instead of disregarding the appraisal award the Court should subtract the uncovered damages and grant summary judgment on the

7

remaining amount. *See TMM Invs., Ltd.*, 730 F.3d at 472 ("[M]inor mistakes that do not taint the entire award should not frustrate the parties' intent to be bound by the appraisal provision of their contract."); *MLCSV10 v. Stateside Enters., Inc.*, 866 F.Supp.2d 691, 707 (S.D. Tex. 2012).

But the parties have laid no foundation for the amount of Dhaliwal's preexisting losses except for the estimates in his previous insurance claims. While these estimates suggest that Dhaliwal's property suffered preexisting losses, they do not conclusively establish the amount of those losses in this dispute between Dhaliwal and Meridian. Nor has Dhaliwal established that the mistake is a "minuscule" error of the sort that courts have overlooked in other cases. *See Gossetts, Inc.*, 2019 WL 2572042, at *2 (vacating an appraisal award even though the sum attributable to the appraisers' mistake may have been relatively small compared to the cost of repairing the insured's roof).

The Court finds, therefore, that Meridian has presented a triable issue that the appraisal award suffers from a mistake of fact and that the mistake cannot be corrected by subtracting Dhaliwal's alleged preexisting losses. *See Mt. Hawley Ins. Co. v. HCS 410 Holdings, LLC*, No. SA-19-CV-00780-JKP, 2021 WL 1550352, at *5 (W.D. Tex. Apr. 20, 2021) (refusing to decide at the summary judgment stage whether an appraisal award should be set aside).

### B. Meridian Has Presented a Triable Issue that the Appraisal Award Includes Incorrect Line Items.

Meridian has also presented a triable issue that the appraisal award includes incorrect line items, such as commercial tax and misapplied sales tax. The umpire

admitted, for example, that it was a "mistake" to apply commercial tax to Dhaliwal's residential property and to apply sales tax to labor. (Dkt. #22-1 at 16–20). Dhaliwal's appraiser admitted the same. (Dkt. #22-2 at 14–18). And the objection does not advance any argument to the contrary.

Instead of defending the incorrect tax line items, Dhaliwal argues that the Court should do its own math to correct the award. But even the umpire admitted that he could not do the math on the spot and would have to run his calculations through an appraisal software. (Dkt. #22-1 at 20–22). Dhaliwal cites no authority for the correct tax to be applied and provides no foundation for how the tax should be applied to the repairs at issue here. It also appears that, for at least some of the line items, the umpire combined taxable and nontaxable items—meaning that the Court could not redo the umpire's math even if it wanted to. (Dkt. #22-1 at 16–17).

Nor does Dhaliwal establish that the incorrect tax line items are minor errors of the sort that courts have overlooked in other cases. *Gossetts, Inc.*, 2019 WL 2572042, at *2. The Court holds, therefore, that Meridian has presented a triable issue that the appraisal award includes mistaken line items that preclude deciding Dhaliwal's covered losses as a matter of law.

### III. Conclusion

After de novo review, the Court concludes that Dhaliwal's Motion for Summary Judgment, (Dkt. #16), should be denied for the reasons stated in the magistrate judge's Report.

It is, therefore, **ORDERED** that the Report and Recommendation of the United States Magistrate Judge, (Dkt. #33), should be and is hereby **ADOPTED** as

the decision of this Court. Dhaliwal's Objections to the Report, (Dkt. #34), are **OVERRULED**.

It is further **ORDERED** that Dhaliwal's Motion for Summary Judgment, (Dkt. #16), is **DENIED**.

**So ORDERED and SIGNED this 9th day of November, 2022.**

_____
SEAN D. JORDAN
UNITED STATES DISTRICT JUDGE