UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| HARMINDER DHALIWAL | § § | |
| v. | § § | CIVIL NO. 4:21-CV-56-SDJ |
| MERIDIAN SECURITY INSURANCE COMPANY | § § § | |

**MEMORANDUM OPINION AND ORDER**

This is an insurance coverage dispute arising from wind and hail damage to a personal residence. After unsuccessfully moving for summary judgment based on an insurance appraisal award, Plaintiff Harminder Dhaliwal now moves to stay proceedings to allow an additional appraisal to be completed at his property. Because Dhaliwal disregarded the Court's meet and confer requirement for opposed motions—which calls for a meaningful conference with opposing counsel and cannot be satisfied through a perfunctory email message—the Court must deny the motion. The Court must also deny the motion because Dhaliwal already received the appraisal process that he bargained for in his homeowner's policy and is not entitled to restart that process on the eve of trial.

**I. BACKGROUND**

After a storm caused wind and hail damage to his home in Flower Mound, Texas, Dhaliwal submitted a claim to his insurance carrier, Defendant Meridian Security Insurance Company ("Meridian"), to cover the losses. The parties could not agree on the amount of losses suffered, however, and proceeded to an appraisal as authorized under Dhaliwal's homeowner policy. To accomplish the appraisal, the

1

parties each named an appraiser to assess Dhaliwal's damages. Dhaliwal then secured the appointment of an unbiased umpire to issue an appraisal award.

The umpire issued an original appraisal award of approximately $180,000.00 (as measured on a replacement cash value basis) in Dhaliwal's favor. However, as described in the Court's order denying Dhaliwal's motion for summary judgment, *Dhaliwal v. Meridian Sec. Ins. Co.*, No. 4:21-CV-056-SDJ, 2022 WL 16836609, at *1 (E.D. Tex. Nov. 9, 2022), the umpire withdrew his initial appraisal award on the ground that it was mistaken. The umpire then issued a new appraisal award of $143,705.38. While Dhaliwal's appraiser signed off on the award, Meridian's appraiser did not because even this new award was founded on apparent mistakes that undermined its legitimacy. In particular, the appraisal award included incorrect line items, such as commercial tax, and included roof damages from before Dhaliwal obtained coverage with Meridian.

Notwithstanding these apparent mistakes, Dhaliwal sued Meridian in state court for the appraisal award's full value in addition to other damages. (Dkt. #1 at 1, #1-13 at 21–24). Meridian, in turn, removed the case to this Court. (Dkt. #1). The case has been litigated for approximately two years. The parties have conducted discovery and made pretrial submissions, and trial is scheduled to begin in less than a week. Dhaliwal moved for summary judgment, arguing that his covered losses should be decided as a matter of law based on the umpire's appraisal award. The motion was denied because, contrary to Dhaliwal's assertions, Meridian has presented a triable

issue that the appraisal award was founded on mistakes undermining its credibility. *Dhaliwal*, 2022 WL 16836609, at *2–5.

Now, on the eve of trial, Dhaliwal has moved to stay or abate proceedings so that an additional appraisal can be completed on the property. (Dkt. #46, #57). Dhaliwal provides only one reason to support this request: because the current appraisal award does not establish his covered losses as a matter of law, he is entitled to a new appraisal award that does.[1] Instead of conferring with opposing counsel, Dhaliwal filed the original version of this motion with no certificate of conference. After the motion was struck on December 16, 2022, for its noncompliance with the Court's local rules, Dhaliwal filed the current version of the motion on the same day. (Dkt. #46). While the current version includes a certificate of conference, it indicates that Dhaliwal's attorney merely emailed the motion to opposing counsel before filing it; the parties did not meaningfully confer before seeking Court intervention.

## II. LEGAL STANDARD

A federal district court may stay proceedings under its inherent power. *Eon Corp. IP Holdings, LLC v. T-Mobile USA, Inc.*, No. 6:10-CV-379-LED-JDL, 2012 WL 12911054, at *1 (E.D. Tex. Feb. 2, 2012). In evaluating a motion to stay or abate proceedings to allow for completion of an insurance appraisal, the key question is whether the stay will "aid judicial efficiency and economy." *Gonzalez v. Allstate Fire*

---

[1] In his motion to stay proceedings, Dhaliwal notes that his appraiser, Douglas Laczynski, passed away in October 2022. However, Dhaliwal does not argue that Mr. Laczynski's passing will prevent Dhaliwal from establishing his covered losses at trial. In this regard, the Court notes that Mr. Laczynski was deposed before his death and that the umpire, Britton Elliot, remains available as a trial witness.

*& Cas. Ins. Co.*, No. SA-18-CV-00283-OLG, 2019 WL 609781, at *2 (W.D. Tex. Jan. 7, 2019) (quotations omitted); *see also Stutz Auto Serv., Inc. v. Universal Underwriters of Tex. Ins. Co.*, No. 7:14-CV-505, 2014 WL 12599841, at *1 (S.D. Tex. Sept. 30, 2014) ("[T]he decision to stay the suit pending appraisal is discretionary."). The court must weigh motions to stay or abate proceedings "in light of the policy against unnecessary dilatory motions." *PJC Bros., LLC v. S&S Claims Serv., Inc.*, 267 F.R.D. 199, 200 n.2 (S.D. Tex. 2010) (quoting 5C CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE & PROCEDURE § 1360 (3d ed. 2004)).[2]

### III. DISCUSSION

The Court finds that Dhaliwal's motion to stay proceedings must be denied. The Court first addresses Dhaliwal's failure to comply with the Court's meet and confer requirement for opposed motions. The Court then addresses Dhaliwal's failure to establish meritorious grounds for conducting an additional appraisal and staying proceedings while it is accomplished.

**A. Dhaliwal Disregarded the Court's Meet and Confer Requirement for Opposed Motions.**

As an initial matter, the Court must deny the motion to stay proceedings because Dhaliwal disregarded the Court's meet and confer requirement for opposed motions. As the Fifth Circuit has long recognized, "[l]ocal rules for the conduct of trial courts are desirable and necessary, and such rules should not be ignored or declared invalid except for impelling reasons." *Hunt v. Texas Mut. Ins. Co.*, 54 F.App'x 799,

---

[2] *See also Gibson Prods. Co. of Kerrville Inc. v. Allied Prop. & Cas. Ins. Co.*, No. SA-16-CA-1299-FB, 2017 WL 2839784, at *2 (W.D. Tex. June 14, 2017) (collecting cases denying motions to stay or abate proceedings pending an appraisal).

4

2002 WL 31845832, at *1 (5th Cir. 2002) (per curiam) (quoting *Wirtz v. Hooper-Holmes Bureau, Inc.*, 327 F.2d 939, 943 (5th Cir. 1964)). Consistent with this principle, the Eastern District of Texas's Local Rules are not optional, nor are they mere "suggestions" with no practical force. This includes the "meet and confer" requirement of Local Rule CV-7(h).

As relevant here, Local Rule CV-7(h) requires that, for opposed motions, "at a minimum," there must be "a personal conference, by telephone or in person, between an attorney for the movant and an attorney for the non-movant." Local Rule CV-7(h) further provides that, during the contemplated "personal conference," the participants "must give each other the opportunity to express his or her views concerning the disputes," and the participants must also "compare views and have a discussion in an attempt to resolve their differing views before coming to court." The rule is clear on two additional points: (1) "correspondence, e-mails, and facsimile transmissions do not constitute compliance with the substantive component and are not evidence of good faith;" and (2) "a request for court intervention is not appropriate until the participants have met and conferred, in good faith, and concluded, in good faith, that the discussions have conclusively ended in an impasse, leaving an open issue for the court to resolve."

Put simply, Local Rule CV-7(h) requires the meaningful engagement of opposing counsel before opposed motions are filed. The "meet and confer" between counsel is not merely "a perfunctory obligation." *Morrison v. Walker*, No. 1:13-CV-327, 2014 WL 11512240, at *2 (E.D. Tex. Dec. 2, 2014). And with good reason. The

5

rule serves an important purpose, ensuring that "the court does not waste its resources deciding motions where, if the parties had thoroughly discussed the matter, a resolution could have been reached." *Id.*

Here, Dhaliwal's meet and confer efforts fell far below the requirements set forth in Local Rule CV-7(h). After the Court struck his original motion to stay proceedings for lack of a certificate of conference—placing him on notice of Local Rule CV-7(h)'s requirements—Dhaliwal filed the current motion to stay proceedings without speaking to Meridian or its counsel. Instead, Dhaliwal's counsel merely emailed Meridian a copy of the motion on the same day that it was filed. Dhaliwal's counsel did not wait for a response, schedule a phone conference, or take any other steps to resolve the issue before seeking Court intervention. These failures to comply with Local Rule CV-7(h)'s requirements constitute an independent ground for denying the motion to stay proceedings.

### B. Dhaliwal Has Not Established Meritorious Grounds for Conducting an Additional Appraisal and Staying Proceedings.

The Court must also deny the motion to stay proceedings because the parties already completed the appraisal process authorized under Dhaliwal's homeowner's policy.

Texas law embraces insurance appraisal clauses because they allow parties to resolve insurance coverage disputes quickly and efficiently without advancing to traditional litigation. *See State Farm Lloyds v. Johnson*, 290 S.W.3d 886, 894 (Tex. 2009) (observing that the appraisal process requires "no attorneys, no lawsuits, no pleadings, no subpoenas, and no hearings"); *Quibodeaux v. Nautilus Ins. Co.*,

No. 1:10-CV-739, 2012 WL 12919190, at *2 (E.D. Tex. Sept. 18, 2012) ("[A]ppraisals . . . are designed to be a less expensive, more efficient alternative to litigation."). Here, it is undisputed that the appraisal process contemplated by Dhaliwal's homeowner's policy was already completed, and an appraisal award was made, before Dhaliwal filed suit. Meridian has challenged the appraisal award on the ground that it is founded on mistakes. This Court agreed that Meridian has raised a triable issue concerning mistakes in the award. Based on that conclusion, the Court previously determined that Dhaliwal's covered losses could not be decided as a matter of law based on the appraisal, and instead must be resolved at trial. *Dhaliwal*, 2022 WL 16836609, at *2–5. Dhaliwal now suggests that, rather than proceed to trial, he is entitled to an additional appraisal process. Dhaliwal's theory finds no support in the language of the policy or Texas law.

To begin, Dhaliwal's homeowner's policy contemplates one appraisal process— described as "an appraisal" and "the appraisal"—with each party naming an appraiser and seeking appointment of an umpire, if necessary, through a state court proceeding. (Dkt. #46-1 at 61). That has already occurred. Nothing in the policy authorizes, much less requires, *additional* appraisals when the process has been completed but is marred by apparent mistakes that can be resolved at trial.

Nor is there precedent under Texas law to require multiple appraisals under similar circumstances. To the contrary, Texas precedent shows that when a completed appraisal may be defective, such defects can be addressed at trial and the award may be disregarded if appropriate. In *Johnson*, the Texas Supreme Court

7

explained that a flawed appraisal award can be "easily remedied" "by disregarding it later." 290 S.W.3d at 895. The *Johnson* court elaborated on this point through an example, noting that if an award might not be "an honest assessment of necessary repairs," the issue could be addressed and "proved at trial," with the award set aside if necessary. *Id.* In short, the Texas Supreme Court has made clear that issues concerning a potentially unsound appraisal award should be resolved at trial, rather than through a compelled "re-do" of the appraisal process. The Court is unaware of any relevant precedent to the contrary.[3]

## IV. Conclusion

The insurance appraisal process is intended to streamline insurance coverage disputes and avoid protracted litigation. But here, the appraisal award is founded on apparent mistakes that will need to be resolved at trial. Dhaliwal's stay motion fails because he disregarded the Court's meet and confer requirement and because Dhaliwal already received the appraisal process that he bargained for.

For these reasons, Dhaliwal's Motion to Abate / Stay Litigation Pending Completion of Appraisal, (Dkt. #46), is **DENIED**.

---

[3] Dhaliwal directs the Court's attention to *GuideOne Mutual Insurance Co. v. First United Methodist Church of Hereford* as a case supporting his right to a second appraisal. No. 2:18-cv-140, 2020 WL 3485623 (N.D. Tex. Apr. 29, 2020); (Dkt. #46-4). But *GuideOne* is inapposite for at least two reasons. First, *GuideOne* involved an appraisal award that had been set aside because a condition precedent for appraisal had not been satisfied. That situation is materially distinct from this case because Dhaliwal and Meridian agree that an appraisal was contractually authorized and that all conditions were met; the parties disagree only on whether the appraisal process resulted in a mistaken award. Second, the *GuideOne* court did not hold that a second appraisal was contractually required. Instead, the court held merely that the parties could "attempt[] to repeat the appraisal process" if they chose to do so. 2020 WL 3485623 at *3. In other words, the parties were free to repeat the appraisal process if they both agreed to do so. There is no such agreement in this case.

**So ORDERED and SIGNED this 12th day of January, 2023.**

　　　　　　　　　　　　　　　　　　＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿
　　　　　　　　　　　　　　　　　　SEAN D. JORDAN
　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE